UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Kelvin James,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Office of the Federal Public Defender et al.,<br><br>　　　　　Defendants. | Case No. 2:25-cv-02271-APG-BNW<br><br>**Order** |

　　　　Pro se plaintiff Kelvin James brings this lawsuit regarding alleged constitutional violations by defendants Office of the Federal Public Defender and Amelia L. Bizzaro. He moves to proceed *in forma pauperis*. ECF No. 5. James submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Lewis' request to proceed in forma pauperis therefore will be granted. This Court now screens his complaint (ECF No. 5-1) as required by 28 U.S.C. § 1915(e)(2).

**I.　　ANALYSIS**

　　**A.　　Screening standard**

　　　　Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

1  his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.
2  2014) (*quoting Iqbal*, 556 U.S. at 678).

3      In considering whether the complaint is sufficient to state a claim, all allegations of
4  material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*
5  *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).
6  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff
7  must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.
8  544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*
9  Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se
10 plaintiff should be given leave to amend the complaint with notice regarding the complaint's
11 deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

    **B.    Screening the complaint**

13     Plaintiff is attempting to bring a 42 U.S.C. § 1983 claim for ineffective assistance of
14 counsel under the Sixth Amendment. This he cannot do. The accused, in all criminal
15 prosecutions, has the right to effective assistance of counsel for his defense. U.S. Const. amend.
16 VI; *see Strickland v. Washington*, 466 U.S. 668, 686 (1984). But in Nevada, ineffective assistance
17 of counsel claims by persons in state custody must be raised in post-conviction or habeas
18 proceedings. *See Gibbons v. State*, 634 P.2d 1214, 1216 (Nev. 1981). Thus, Plaintiff, a post-
19 conviction inmate in state custody, would need to bring his ineffective assistance of counsel claim
20 either by direct appeal or by habeas petition under 28 U.S.C. § 2254.

21     Even if Plaintiff had properly brought his claim under Section 2254, Plaintiff still cannot
22 state an ineffective assistance of counsel claim against defendants. Plaintiff challenges the
23 representation he is receiving in an ongoing Section 2254 habeas proceeding regarding his state
24 conviction. *See* 3:24-cv-00286-ART-CSD. The ineffectiveness or incompetence of counsel during
25 federal or state collateral post-conviction proceedings is not a basis for relief in a proceeding
26 arising under Section 2254. 28 U.S.C. § 2254(i); *see also Coleman v. Thompson*, 501 U.S. 722,
27 752 (1991). Accordingly, Plaintiff cannot bring a claim of ineffective assistance of counsel
28 against the defendants who are representing him in his Section 2254 habeas proceeding. Since

there is no set of fact Plaintiff can allege regarding ineffective assistance of counsel that would survive a Fed R. Civ. P. 12(b)(6) motion to dismiss, this Court recommends his complaint be dismissed with prejudice and without leave to amend.

## II.     CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that the clerk of court must detach and separately file plaintiff's complaint (ECF No. 5-1).

**IT IS RECOMMENDED** that Plaintiff's complaint pursuant to 42 U.S.C. § 1983 be dismissed with prejudice and without leave to amend.

DATED: December 29, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE